In the Matter of the Claim of FLORENCE HUGHES, on Behalf of Herself and Others, Infants, Respondent, *v.* THOS. ROULSTON, INC., et al., Appellants.
WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 13, 1952.

*Charles P. Barre* for appellants.

*Arthur Bardack* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* On February 14, 1950, the Workmen's Compensation Board made an award in favor of the claimant as widow and in favor of her two minor children and directed that the commuted amount of the award fixed in the sum of $29,306.24 be paid into the Aggregate Trust Fund.

On June 2, 1950, the board modified the award on the basis of the widow's remarriage, which had occurred on April 8, 1950, allowed her two years' additional compensation, modified the award of the children, and directed the payment of a different commuted amount ($16,302.16) into the Aggregate Trust Fund. An appeal was thereafter taken here, and the award affirmed (278 App. Div. 878).

On November 14, 1951, the board on its own motion, and without notice to the parties, reviewed the case and made a supplemental memorandum and decision stating that it had not been the intent of the board by its decision of June 2, 1950, to eliminate commutation for the widow under section 27 of the Workmen's Compensation Law. The effect of this is that the direction for the original commuted amount of $29,306.24 was deemed reinstated.

The question presented now is whether the board had power to make the change. We think the power to correct its decision continued and could be exercised by the board on its own motion. (Workmen's Compensation Law, §§ 22, 123.)

On the merits, the obligation of the carrier to pay the originally commuted amount of $29,306.24 was not affected by the widow's remarriage, even though her own right to the continuance of compensation was affected by it. Section 77 of the rules of the board governing actuarial procedure in Aggregate Trust Fund cases provides that the carrier shall not be required to pay the commuted amount if the widow remarries within six weeks of the award. Here the remarriage on April 8th was not within six weeks of the award of February 14th which carried the direction for the payment of the commuted amount and therefore the obligation of the carrier to pay that amount was not affected by the marriage.

In such a case as this, however, the board should, as a matter of fairness and good practice, have given notice to the carrier that it was expected to pay some $13,000 more than was indicated in the last decision which had been reviewed on appeal.

But we have here considered the arguments which the carrier makes and which it would have advanced on such a hearing before the board, and having found the board both within its power and right on the merits, we see no procedural or other advantage in remitting the case for a further hearing.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.