In the Matter of the Claim of JUDITH A. MALOOF, Respondent, v. ONONDAGA LIGHTWEIGHT AGGREGATE CORPORATION et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 28, 1971.

*Fraser, McDonough & Digby (John F. McDonough* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*William D. Weisberg* for claimant-respondent.

COOKE, J. This is an appeal from a decision of the Workmen's Compensation Board, filed June 11, 1970, which denied the application of the employer and its carrier for a refund, because of the remarriage of the employee's widow, of that portion of the funds paid into the Aggregate Trust Fund on behalf of the widow in excess of her remarriage allowance.

Leonard D. Maloof having died on October 3, 1968 as the result of a compensable industrial accident, a Referee's decision and award were filed and notice thereof given on April 10, 1969, a " statutory award  *  *  *  to the widow and children at the maximum rate " being granted, and the employer and carrier being directed to pay certain amounts computed from death at once. Contemporaneously, the board made a request for an actuarial computation of the present value of the award and on August 26, 1969 a Referee's " supplemental " decision was filed ordering that the balance of the award be paid into the Aggregate Trust Fund as provided under section 27 of the Workmen's Compensation Law.

Rule 77, now section 393.3 of the Rules of the Workmen's Compensation Board, provided that " in a death case, if the widow remarries  *  *  *  between the date of the award and six weeks thereafter, when the commuted amount is due and payable into the aggregate trust fund, the carrier shall not be required to pay the commuted amount into the fund " (12 NYCRR 393.3). Since the " date of the award " in said rule is the date on which it is filed and notice given by the board (*Matter of Mallette* v. *Hubbs & Hastings Paper Co.*, 279 App. Div. 811; see Workmen's Compensation Law, § 27, subd. 4), the board was correct in determining that the remarriage did not occur within six weeks of the date of the award which was on April 10, 1969. *Matter of Hughes* v. *Thos. Roulston, Inc.* (280 App. Div. 361), relied on by appellants, is not a departure from the holding in *Mallette* but rather, when correctly interpreted, a reaffirmation of it.

Although appellants argue that the board's decision unjustly enriches the fund, it should be kept in mind that the fund assumes full responsibility for any further payments to a widow if the amount deposited proves inadequate (Workmen's Compensation Law, § 27, subd. 3), so that, while it may gain in cases where the beneficiary dies or remarries before the compensation provided for is paid out, the fund is the loser if the widow does not remarry and lives beyond her life expectancy (*Matter of Campanelli*, 8 N Y 2d 173, 175).

The decision should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SIMONS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.